8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10  CHARLES N. BELSSNER,                )   CASE NO. ED CV 17-01046-FMO (PJW)
                                        )
11                  Plaintiff,          )   ORDER DISMISSING ACTION FOR
                                        )   FAILURE TO PROSECUTE
12           v.                         )
                                        )
13  THE STATE OF CALIFORNIA,            )
    et al.,                             )
14                                      )
                    Defendants.         )
15  _____     )

16       In May 2017, Plaintiff Charles N. Belssner lodged a Civil Rights

17  Complaint, along with a request to proceed without prepayment of

18  filing fees ("IFP Request"). (Doc. Nos. 1, 4.)  Plaintiff is hearing

19  disabled and alleges that Defendant Riverside County Superior Court

20  deprived him of his rights under the Due Process and Equal Protection

21  Clauses of the Fourteenth Amendment of the U.S. Constitution in

22  violation of 42 U.S.C. § 1983 and Title II of the Americans with

23  Disabilities Act ("ADA"), 42 U.S.C. § 12101.  The gist of Plaintiff's

24  complaints are that he was not treated the way he should have been and

25  that, ultimately, he did not prevail in court, though he should have.

26  Plaintiff complains that he asked the courtroom clerk to allow him to

27  go first and she, or the judge she was working for, did not allow him

28  to.  (Complaint at 3, 6.)  He also contends that the judge gave him

less time to present his case than the other side.  Finally, he complains that he asked for a copy of the transcript of the hearing and he did not get one.  (Complaint at 4, 7.)

On June 26, 2017, the Court dismissed the Complaint on the ground that Plaintiff had not stated a cognizable claim under 42 U.S.C. § 1983 because the Eleventh Amendment bars claims against the State and state agencies, including the superior court.  The Court, however, determined that Plaintiff might be able to state an ADA claim and granted him leave to file a First Amended Complaint.  (Doc. No. 5.)

On July 31, 2017, Plaintiff filed a First Amended Complaint ("FAC").  (Doc. No. 7.)  In his FAC, Plaintiff failed to allege an ADA claim.  He also failed to allege that he is an individual with a disability and failed to set forth any facts to show how he was denied access to the court, excluded from full participation, or otherwise discriminated against based on his disability.

On September 7, 2017, the Court issued an order dismissing the FAC.  Plaintiff was granted leave to file a Second Amended Complaint stating a cognizable ADA claim by September 28, 2017.  (Doc. No. 8.) Plaintiff failed to do so.

On December 4, 2017, Plaintiff filed a Second Amended Complaint ("SAC").  (Doc. No. 11.)  In his SAC, Plaintiff failed to state an ADA claim.  On December 13, 2017, the Court dismissed the SAC with leave to file a Third Amended Complaint by December 29, 2017.  (Doc. No. 12.)  Plaintiff failed to file a Third Amended Complaint.

On January 22, 2018, the Court ordered Plaintiff to show cause by February 8, 2018, as to why the case should not be dismissed for failure to prosecute and/or to comply with the Court's orders.  (Doc. No. 13.)  On February 7, 2018, Plaintiff filed a response, repeating

1 his complaints against the Riverside County Superior Court that he was
2 not treated the way he should have been.  (Doc. No. 14.)

3     The Court concluded that Plaintiff had still not stated a claim
4 under the ADA because the only disability he alleged was a hearing
5 impairment, which he did not quantify and did not tie to any of his
6 claims.  (Doc. No. 15.)  The Court granted Plaintiff an opportunity to
7 file a Third Amended Complaint by March 30, 2018.  (Doc. No. 15.)
8 Plaintiff failed to respond.

9     On April 23, 2018, the Court ordered Plaintiff to show cause by
10 May 8, 2018, as to why the case should not be dismissed for failure to
11 prosecute and/or comply with the Court's orders.  (Doc. No. 16.)
12 Plaintiff did not respond to that order.  In fact, he has not filed
13 anything since February 2018.

14     It is well established that a district court has the authority to
15 dismiss an action for failure to prosecute and/or for failure to
16 comply with court orders.  Fed. R. Civ. P 41(b); *Link v. Wabash*
17 *Railroad Co.*, 370 U.S. 626, 629-30 (1962) (explaining district court
18 has authority to dismiss case for lack of prosecution in order to
19 prevent undue delays in disposition of pending cases and to avoid
20 congestion in court's calendar); *Ferdik v. Bonzelet*, 963 F.2d 1258,
21 1260-61 (9th Cir. 1992) (finding district courts have authority to
22 dismiss for failure to comply with court order).  The Court considers
23 five factors in evaluating whether dismissal is appropriate: (1) the
24 public interest in expeditious resolution of litigation; (2) the
25 Court's need to manage its docket; (3) the risk of prejudice to
26 defendants; (4) the public policy favoring disposition of cases on
27 their merits; and (5) the availability of less drastic sanctions.
28 *Ferdik*, 963 F.2d at 1260-61.

In this case, both the public's interest in the expeditious
resolution of cases and the Court's need to manage its docket weigh
strongly in favor of dismissal.  It appears that Plaintiff is no
longer interested in pursuing this action as evidenced by the fact
that he has not filed anything since February 2018, despite the
Court's orders that he do so and subsequent promptings when he failed.
As a result, the case has come to a complete standstill.

As to the third factor, prejudice to Defendants, this, too,
weighs in favor of dismissal.  Although Defendants have not yet been
served in this action--because there is no operative complaint--as
time goes by, witnesses' memories will likely begin to fade and
Defendants may suffer prejudice as a result.  *See In re
Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th
Cir. 2006) ("The law . . . presumes prejudice from unreasonable
delay.").

The fourth factor--the general policy favoring resolution of
cases on the merits--weighs in Plaintiff's favor.  *See Pagtalunan v.
Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors
disposition of cases on the merits.").  But that factor alone is not
sufficient to overcome the other four.

Finally, the fifth factor--the availability of less drastic
alternatives--also weighs in favor of dismissal.  The Court is unable
to impose a lesser sanction, e.g., monetary sanctions, because
Plaintiff is proceeding IFP (and, presumably does not have any money
to pay sanctions) and because his refusal to comply with orders
suggests that nothing the Court can do or say will compel him to act.

Considering all five factors, the Court concludes that dismissal
for failure to prosecute is warranted.  *See Ferdik*, 963 F.2d at 1263

1  (concluding dismissal appropriate where supported by three factors);

2  *Pagtalunan*, 291 F.3d at 643 (same).

3      IT IS SO ORDERED.

4

5      DATED:     June 13, 2018

6

7                                         _____/s/_____
                                          FERNANDO M. OLGUIN
8                                         UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  Presented by:

25

26  _____
    PATRICK J. WALSH
27  UNITED STATES MAGISTRATE JUDGE

28  C:\Users\imartine\AppData\Local\Temp\notesC7A056\Ord_dismiss.failure prosecute.wpd